RITTER v. STATE.

Opinion delivered June 14, 1902.

1.    EMBEZZLEMENT BY BANK CASHIER—INDICTMENT.—An indictment which alleges that defendant as cashier of a bank embezzled a sum of money is not defective for failure to allege that defendant was an officer of the bank.. (Page 475.)

2.    EVIDENCE—ACCOUNT.—A copy of the account of a bank with a corresponding bank is admissible to prove the indebtedness of the one to the other at various times, though items of the account were derived from letters of remittance and drafts. (Page 476.)

3.    SECONDARY EVIDENCE—DOCUMENTS OUT OF STATE.—Secondary evidence is admissible to prove the contents of instruments of writing in the possession of a third person outside of the state. (Page 477.)

4.  EVIDENCE—ACCOUNT.—In a prosecution of a bank cashier for embezzlement, it was not error to permit the state to introduce true copies of the account of the bank with a corresponding bank for the purpose of showing that statements formerly furnished by the latter bank to the former had been fraudulently altered. (Page 477.)

5.  EXPERT—SHORTAGE IN ACCOUNT.—The amount of a bank's shortage may be shown by an expert accountant where it would otherwise be necessary to introduce numerous books and papers, whose reading would consume much time and which would be difficult to understand without the aid of an expert. (Page 478.)

6.  EMBEZZLEMENT—INSTRUCTION.—An instruction, in a prosecution of a bank cashier for embezzlement, that "the defendant, being the cashier of the Greene County Bank, and having control of the cash and other assets of said bank, is responsible therefor, and the fact that other officers of the bank have access to the funds does not relieve the defendant from accounting for the same" is not prejudicial where the court further instructed the jury that, before they could convict, they "must find beyond a reasonable doubt that he actually converted the money of said bank to his own use." (Page 478.)

Appeal from Greene Circuit Court.

FELIX G. TAYLOR, Judge.

Affirmed.

*B. H. Crowley* and *Lamb & Gautney*, for appellant.

The indictment is defective. Sand. & H. Dig., § 1710. It should have contained an allegation to the affect that appellant was an officer. 47 Ark. 488; 48 Ark. 76; 12 Ark. 608; 29 Ark. 68; 32 Ark. 124; 38 Ark. 519; 43 Ark. 493; Sand. & H. Dig., § 1712. The indictments should have stated all the facts showing the relation between bailer and bailee. 20 Pac. 171; 26 Pac. 616; 12 S. E. 1058; 2 S. W. 223; 39 Am. 189; 6 Gray, 15; 2 N. W. 492; 36 S. E. 169; 42 S. W. 302; 1 Whar. Cr. Law, 1061. The indictment should have made clear and specific what the statute covers in a general way. 6 Ark. 165; 10 Ark. 536; 11 Ark. 169; 19 Ark. 613. The evidence of Sullivan and Mosby should have been excluded. 35 S. E. 452; 35 Atl. 915; 41 Atl. 144; 34 S. E. 1037; 25 Ark. 89; 56 Ark. 326; 22 Ark. 372; 1 Gray, 83; 35 Atl. 804; 66 Ark. 110. The court erred in admitting the evidence of Elliott. 109 Mass. 457. Instruction No. 5 was not the law. 2

Ark. 143; 14 Ark. 143; 14 Ark. 530; 14 Ark. 286; 31 Ark. 684; 45 Ark. 263; 66 Ark. 506; 68 Ark. 462. Instructions Nos. 6 and 7 were abstract, and should not have been given. 6 Ark. 161; 7 Ark. 720; 8 Ark. 186; 13 Ark. 317; 13 Ark. 676; 14 Ark. 530; 16 Ark. 651; 23 Ark. 289; 30 Ark. 328; 36 Ark. 284; 42 Ark. 52; 36 Ark. 641, 242, 469; 41 Ark. 282; 37 Ark. 580-593. The meaning, bearing and weight of evidence are for the jury. 55 Ark. 244; 49 Ark. 439; 54 Ark. 621; 46 Ark. 165; 63 Ark. 447; 66 Ark. 506; 52 Ark. 263; 45 Ark. 192; 44 Ark. 115; 34 Ark. 699; 58 Ark. 108; 37 Ark. 580; 31 Ark. 306; 43 Ark. 289; 49 Ark. 147; 23 Ark. 115; 26 S. E. 858; 39 S. W. 940; 37 S. W. 436; 27 S. E. 526; 25 S. E. 388; 40 S. W. 1050. Instruction No. 8 was erroneous. 35 Ark. 585; 38 Ark. 334; 16 Ark. 628; 59 Ark. 143.

*Luna & Johnson,* and *George W. Murphy, Attorney General,* for appellee.

A cashier is the chief executive officer of the bank, and has control of all its funds and operations. 10 Wall. 604; 8 Wheat. 338; 64 Barb. 333; 69 Pa. St. 415; 3 Mason, 505; 37 Me. 319; 1 Holmes, 209. The indictment is sufficient. Sand. & H. Dig., §§ 2075, 2090; 58 Ark. 98; 11 Ark. 169. Defects in the indictment were waived by appellant in going to trial, except such defects as were of the substance of the offense. 3 Pac. 70; 71 Cal. 385; 3 Utah, 334. The indictment sufficiently charges appellant. Sand. & H. Dig., § 1712; 37 Ia. 407; 3 Ct. of Cl. 257; 54 Ark. 611; 76 Ga. 557. The indictment charged a public offense, and was good. 108 Mo. 208; 37 Ia. 404; 66 Cal. 344; 136 Ind. 217; 29 Ark. 216; 98 Mo. 482; 19 S. W. 717. Copies of the books of the Laclede Bank were admissible. Greenl. Ev. 115-120; Abbot's Tr. Ev. 64; 45 Ind. 43; 4 Allen, 122; 1 Greenl. Ev. §§ 84, 558. The testimony of Mosby was not prejudicial. 11 S. W. 979. The testimony of Elliott was proper. 61 Ark. 157; 10 S. W. 895; 14 S. W. 185; 64 S. W. 899. The court had a right to assume the appellant was the cashier. 48 Ark. 317; 1 N. E. 805. The instructions were proper. 61 Ark. 308.

BATTLE, J. W. H. Ritter was indicted by a grand jury of the Greene circuit court, at the February term, 1901, for embezzlement. The indictment, omitting the formal parts, is as follows: "The said W. H. Ritter on the 14th day of December, 1900, in

the county of Greene aforesaid, then and there being over the age
of 16 years and being the cashier of the Greene County Bank, an
incorporated company, and having in his custody and possession
as such cashier as aforesaid, and then and there having come into
possession as such cashier as aforesaid, $10,000, gold, silver and
paper money, lawful money of the United States of America and
the property of the Greene County Bank as aforesaid, did unlaw-
fully, feloniously and fraudulently make way with, embezzle and
convert to his own use said sum of $10,000 as aforesaid, without
the consent of the Greene County Bank as aforesaid, against the
peace," etc.

He was arraigned, and pleaded not guilty; and was tried and
convicted; and his punishment was fixed at one year's imprison-
ment in the penitentiary. He filed a motion for a new trial, which
was overruled, and he appealed.

The Greene County Bank, mentioned in the indictment, was a
corporation, organized under the laws of Arkansas, and did a
general banking business. The appellant was its cashier from the
year 1892 up to January 1, 1902, on or about which time it failed.
He was and is over the age of 16 years. His duties as cashier were
to take charge of the money and assets of the bank, and to receive
funds on deposit; make collections; keep the records of the bank;
receive the mail of the bank and answer it; and to keep the state-
ments of other banks to it on file. It was his duty also to keep
the cash book, balance book, collection register, remittance register,
interest and exchange book, while the assistant cashier kept the
journal and depositors' ledger, and made out statements to deposit-
ors. He "had in his charge at the time of his election, that is,
at the time he took charge as cashier, in cash about $16,000, and
in bills receivable and scrip, both county and city, and cash ac-
counts with other banks, and collection items, to the amount of
$80,000 or $90,000." After he had been cashier for many years a
large portion of the assets of the bank disappeared, and he, fail-
ing to account for them satisfactorily, was indicted for their con-
version.

1. Appellant's first contention is that the indictment is de-
fective, because it does not allege that he was an officer of the bank.
This was unnecessary. A cashier is an officer. *Merchants Bank*
v. *State Bank,* 10 Wall. 604; *Bissell* v. *First Nat. Bank of Frank-
lin,* 69 Pa. St. 415; *Baldwin* v. *Bank of Newbury,* 1 Wall. 234.

An allegation that he was cashier of the bank was equivalent to an averment that he was an officer.

2.   Appellant insists that the trial court erred in admitting a copy of the account of the Greene County Bank with the Merchants' Laclede National Bank, of St. Louis, Missouri, as evidence. The last named bank, which for convenience we will call Laclede Bank, was a correspondent in St. Louis, Missouri, of the former bank.   J. B. Sullivan was its bookkeeper, and kept an account of the business transactions of the two banks with each other in the books of the Laclede Bank.   Many of the items of the account were derived by him from letters of remittance by the Greene County Bank to the latter, which were received, opened, and handed to him by mailing clerks.   Other items were for drafts drawn by the former upon the latter, deposits and perhaps money sent by express.   The drafts were returned to the former monthly; and the letters of remittance were retained by the latter.   From time to time, and frequently, Sullivan, the bookkeeper of the Laclede Bank, furnished the Greene County Bank with statements of its account with his bank.   He testified that these statements were a correct copy of the account kept by him, except certain changes which were made in them after they were forwarded to the Greene County Bank; and that these changes increased the credits of the last named bank to a considerable amount, which he stated.   Upon this testimony and the facts stated, which were proved, the statements forwarded to the Greene County Bank were received as evidence.

The objection to the evidence was specific.   There was no objection to its admission on the ground that the bookkeeper did not make the entries in the account in the discharge of his duties and in the regular course of his business, and that each entry was not made at or about the time of the transaction thereby recorded. But appellant objected to its admission, in part, because many of the items in the account were for remittances and drafts of the Greene County Bank, of which the letters of remittances and the drafts themselves were the best evidence.   This may be true, but they could not have answered the purpose for which the account was adduced.   It contained a statement of all the debits and credits of the Greene County Bank, and was a record or history of the business transactions of the two banks with each other, and was admitted for the purpose of showing the indebtedness of one to

the other at various times, the funds of one in the hands of the other, and the fraudulent and unauthorized alterations in the same while in the possession of appellant. This the letters of remittance and drafts could not do. The drafts were evidence of their contents, but not for their payment, as the account was.

The letters of remittance were in the possession of the Laclede Bank, were outside of the state, and secondary evidence was admissible to prove their contents. *Burton* v. *Driggs,* 20 Wall. 125, 134; *Shepard* v. *Giddings,* 22 Conn. 282; *Eaton* v. *Campbell,* 7 Pick. 10.

While it is not positively stated, the evidence indicates that all the drafts of the Greene County Bank upon the Laclede Bank that could be found were read as evidence in the trial of appellant, and to this extent the objection to the admission of the account was thereby made of no avail.

Another objection to the admission of the account as evidence was that many of its items were for remittances, and that they were shown by letters received by the Laclede Bank from the Greene County Bank; and that Sullivan, the bookkeeper, testified that these letters were received through the mails, and were opened and handed to him by a mail clerk, and that all he knew of what was received from the Greene County Bank he learned from the letters handed to him by the mail clerks. If the account, under these circumstances, was not competent evidence of the remittances, it is obvious that its admission for that purpose was not prejudicial to appellant. To that extent it showed a legitimate disposition of the assets of the Greene County Bank, and in that respect was beneficial to him, and contributed to maintain his defense.

3. Appellant also insists that the circuit court erred in admitting copies of the account of the Greene County Bank with the Third National Bank of St. Louis, Missouri, as evidence. The latter was also a correspondent in St. Louis, Missouri, of the former bank. Eugene Mosby was supervisor of the bookkeepers of the Third National Bank. Numerous copies of different parts of the account of the Greene County Bank with it were furnished to the former bank. Mosby testified that he compared the balances in the copies with the balances in the original, and that he found that false and fraudulent alterations had been made in the copies for the purpose of increasing the credits of the former bank. Appellant objected to the introduction of the copies as evidence for substan-

tially the same reasons that he objected to the admission of the copies of the account of the Greene County Bank with the Laclede Bank. But the court overruled the objections, and admitted the copies as evidence, and instructed the jury that they could be considered only "for the purpose of showing whether or not they corresponded with the statements said to have been changed since they left that bank (the Third National Bank) ; that is to say, whether false and fraudulent alterations had been made." This rendered the objections urged of no effect.

4. Appellant objected to the admission of the testimony of J. S. Elliott. He was an expert accountant, and was occupied in that capacity for a month in examining the books of the Greene County Bank, and the statements furnished it by corresponding banks. They were voluminous, and of a character to render it difficult for a jury to comprehend without the aid of an expert; and it would require considerable time to read them to the jury. Elliott testified that the shortage of the bank, on the 12th of January, 1901, was $33,539.26, and what its shortage was at semi-annual periods for the two years preceding that time. The objection to this evidence was that it was hearsay. The court properly overruled it. *Woodruff* v. *State,* 61 Ark. 157, 170; *State* v. *Findley,* 101 Mo., 217, 223.

5. Appellant objected to the following instruction, which was given to the jury: "You are instructed that the defendant, being the cashier of the Greene County Bank, and having control of the cash and other assets of said bank, is responsible therefor, and the fact that other officers of the bank have access to the funds does not relieve the defendant from accounting for the same." He (appellant) testified that he was cashier of the Greene County Bank, and custodian of its funds. He was civilly responsible for the same, and the fact that other persons had access to the funds did not relieve him of the duty of accounting for them to the best of his ability. The failure to do so did not constitute embezzlement, but it is a fact which may be taken, with all the evidence, into consideration in determining whether he is guilty. The court, in the instruction objected to, called the attention of the jury to facts, without telling them the effect thereof, but did tell them that, before they could convict, they "must find beyond a reasonable doubt that he actually converted the money of said bank to his own use." When considered in connection with the other instructions

and the evidence, we see nothing in the instruction in question prejudicial to appellant. *State* v. *Cowan,* 74 Ia. 53; *State* v. *King,* 81 Ia. 587, 592; *State* v. *Foley,* 81 Ia. 36.

There were objections to other instructions which we do not deem of sufficient importance to notice in this opinion. We see nothing prejudicial in them.

Judgment affirmed.

RIDDICK, J., did not participate.