SIMMS *v.* STATE.

Opinion delivered September 30, 1912.

1.  ACCOMPLICE—WITHHOLDING INFORMATION OF CRIME.—One who withholds information of the commission of a crime out of fear for her own safety, and not merely from a desire to shield the guilty parties, is not an accomplice.  (Page 18.)

2.  SAME—INSTRUCTION AS TO CORROBORATION.—Where it was a question whether a certain witness was an accomplice or not, it was not error to refuse an instruction which assumed that she was an accomplice. (Page 19.)

Appeal from Prairie Circuit Court, Southern District; *Eugene Lankford,* Judge; affirmed.

*W. A. Leach,* for appellant.

One who in any manner participates in the criminality of an act, whether as principal in the first or second degree or merely as an accessory before or after the fact, is an accomplice. 96 Ark. 13; 90 Ark. 461; 51 Ark. 115; 50 Ark. 534; 43 Ark.

371; 45 Ark. 539; 36 Ark. 117. See Kirby's Digest, § 1562. Whether or not the witness Alice Walls was an accessory after the fact or accomplice was a mixed question of law and fact to be submitted to the jury under proper instructions, unless the testimony shows conclusively that she was an accomplice. 51 Ark. 115. Appellant's requested instruction should have been given.

*Hal L. Norwood,* Attorney General, and *William H. Rector,* Assistant, for appellee.

The requested instruction assumes that Alice Walls was an accomplice. Moreover, taken in connection with the testimony, it violates the fundamental principle governing trials by jury that "judges shall not charge juries in regard to matters of fact, but shall declare the law." Art. 7, § 28, Const.; 85 Ark. 188; 83 Ark. 195. Even if there had been testimony to show that she was an accomplice, still it would have been error to assume that fact in the instruction. 36 Ark. 117; 70 Ark. 337; 73 Ark. 568; 66 Ark. 506.

Had there been any evidence tending to show that she was an accomplice, appellant had the right to have that issue submitted to the jury, under proper instructions defining an accomplice. 51 Ark. 115. But, not having requested such an instruction, he can not now complain that the court omitted to do so. 30 Ark. 335; 45 Ark. 539; 75 Ark. 76; *Id.* 373; 77 Ark. 445; 67 Ark. 416.

McCULLOCH, C. J. The defendant, Chester Simms, is accused of the crime of murder in the first degree in killing one Kirk Morford, alleged to have been committed on December 30, 1911, at the town of DeValls Bluff, in Prairie County. He was convicted of the crime charged against him in the indictment, and sentenced to be hanged.

The dismembered body of Morford was found on the railroad track near DeValls Bluff on Sunday morning, December 31, 1911, about fifty or seventy-five yards distant from the house of a woman named Rosalind Mann. Though the body was greatly mutilated, very little blood had, according to the testimony adduced by the State, been discharged, and the evidence tends to establish the fact that death occurred before the body was placed on the railroad track. There were indications of

a fatal knife wound in the body. A search of the house of Rosalind Mann developed the fact that a large area of the floor in one of the rooms had been recently scrubbed, but still disclosed human blood spots, as demonstrated by chemical analysis. A woman named Alice Walls testified that she witnessed the killing of Morford by the defendant and one Harvey Woods. She testified that she came to DeValls Bluff about a week before the killing, and was living in illicit relation with the defendant at the house of Rosalind Mann, but that she accepted the attentions of Morford and allowed him to spend the night with her on Friday night before the killing. She testified that the next day (Saturday) she had a fight with defendant, which he provoked on account of her refusal to give him the money she had received from Morford. She stated that she met Morford again Saturday night, and allowed him to accompany her to her room at the house of Rosalind Mann, both of them being to some extent intoxicated, Morford being intoxicated to the extent that he was unable to undress himself without her help; that after they had been in bed some time, and she had been asleep, she was awakened by a cry, and when she roused up found Morford lying on the floor and defendant and Woods on top of his body; that she heard the dying groans of Morford, and saw a large open knife in the hands of Woods. Woods secreted a knife at the house of Rosalind Mann, and there is testimony that he purchased the knife that morning, the defendant being with him at the time.

The evidence was sufficient to warrant the jury in finding that Morford was murdered, and that the crime was committed by the defendant and Woods.

The only ground for reversal urged by defendant's counsel is that the court erred in refusing to give an instruction telling the jury that the defendant could not be convicted on the uncorroborated testimony of the witness Alice Walls. The effect of this instruction was to declare as an undisputed fact that Alice Walls was an accomplice; and if there is any dispute in the testimony on that point, it necessarily follows that the instruction was not correct, and that the court properly refused it. The witness admitted that she had made conflicting statements, and had endeavored to shield the defendant, but stated

that she did so because she had been threatened with violence and was afraid of the defendant and Woods. If she withheld information out of fear for her own safety, and not merely from a desire to shield the guilty parties, she was not an accomplice. *Melton* v. *State*, 43 Ark. 367; *Carroll* v. *State*, 45 Ark. 539; *McFalls* v. *State*, 66 Ark. 16.

The defendant was entitled to an instruction submitting the question to the jury whether or not the witness was an accomplice; and if such an instruction had been asked for, it would have been the duty of the court to give it. But the instruction asked for was clearly erroneous, because it assumed as an undisputed fact that the witness was an accomplice.

We are unable to find any prejudicial error in the record, and as the judgment is amply sustained by the testimony it must be affirmed. It is so ordered.