KNEGO v. STATE.

Opinion delivered May 10, 1926.

1. CRIMINAL LAW—INTRODUCTION OF COPY OF WRITING.—It was not error to permit a witness to introduce a copy of a written instrument where the original was not in the possession of the witness, and was not the basis of the prosecution.

2. CRIMINAL LAW—NECESSITY OF MOTION FOR NEW TRIAL.—An objection to admission of evidence will not be considered on appeal where it was not included as a ground in appellant's motion for new trial.

3. FALSE PRETENSES—EVIDENCE.—In a prosecution for obtaining money from an insurance company by falsely pretending that a certain car with a particular motor number was stolen, it was admissible to prove that defendant subsequently obtained a license in another State upon the same kind of car having the same motor number.

Appeal from Pulaski Circuit Court, First Division; John W. Wade, Judge; affirmed.

Reinberger & Reinberger, for appellant.

H. W. Applegate, Attorney General, and Darden Moose, Assistant, for appellee.

HUMPHREYS, J. Appellant was indicted, tried, and convicted in the circuit court of Pulaski County, First Division, for the crime of obtaining money under false pretenses, and was adjudged to serve a term of one year in the State Penitentiary as a punishment therefor, from which is this appeal.

The testimony introduced by the State showed that appellant traded an old automobile for a Star sedan car, motor No. 220694, to the Pine Bluff Motors Company, agreeing to pay a difference of $584.45 in ten monthly installments of $58.45 each, which was evidenced by notes; that he signed a contract for the purchase of the car, which contained a charge of $77.50 for "service charge and insurance"; that the purchase money notes were assigned to the Motors Finance Company, which insured the car on said written application of appellant with the National Union Life Insurance Company; that afterwards appellant procured another insurance policy

upon the car from the Home Fire Insurance Company upon the representation that the car was fully paid for and was not insured with any other company; that the latter policy contained a condition that there could be no recovery if there was any other insurance on the car; that both policies insured appellant against loss in case the car should be stolen; that appellant afterwards reported to the Home Fire Insurance Company that the car had been stolen from him in front of the Blue Dragon Cafeteria in Little Rock, Arkansas, and, upon the representation that no other person had any interest therein and that there was no other insurance on the automobile, he obtained $641.25 from the company in settlement of his claim; that later he made proof of his loss to the National Union Fire Insurance Company and collected $624 from it, which was paid to the Motors Finance Company in settlement of the purchase money notes which he had executed to the Pine Bluff Motors Company; that, after collecting the two policies of insurance, appellant secured a license in Illinois on a Star sedan with the same motor number.

In the course of the trial W. M. Snyder, who sold appellant the sedan, was permitted to testify, over appellant's objection and exception, that appellant signed a contract for the purchase of the car, which contained an application for insurance thereon, and to introduce a blank form of said application.

Pinchback Taylor, who was connected with the Motors Finance Company, and who was local agent of the National Union Fire Insurance Company of Pittsburgh, and who wrote the insurance on the sedan car in that company, was permitted, over the objection and exception of appellant, to introduce an office copy of the application made by appellant for the insurance, the original having been attached to his daily report and sent to his insurance company in Pittsburgh, Pennsylvania.

Appellant testified in his own behalf, and the prosecuting attorney was permitted, over his objection and

exception, to interrogate him concerning the destruction by fire of a Nash car in Aurora, Illinois, which he owned, and upon which appellant collected insurance. Appellant's testimony, in substance, was to the effect that he had no knowledge of an application for insurance being incorporated in the contract for the purchase of the sedan car or that the National Union Fire Insurance Company of Pittsburgh had written a policy upon it, until he was requested to make proof of the loss so that the Motors Finance Company could collect the insurance to pay the purchase money notes which it had bought. Appellant also testified that he applied for insurance in Illinois on the stolen car, believing that it would be found, and that he had never seen the sedan after it was stolen.

Appellant first contends for a reversal of the judgment because the trial court permitted witness Snyder to introduce a signed copy of appellant's application for insurance without first showing that the original was not in existence. The original application had been assigned to the Motors Finance Company, and was not in the possession of the witness when testifying, and besides, this was a prosecution for obtaining money under false pretenses and not a suit based upon the application for insurance. The testimony was competent.

Appellant next contends for a reversal of the judgment because the trial court permitted Pinchback Taylor to testify that appellant signed an application for insurance on the car to the National Union Fire Insurance Company of Pittsburgh, and to introduce a copy thereof, without showing that the original was not in existence. The testimony was admissible upon the same ground that Snyder's testimony was admitted, and for the additional reason that the original was in the possession of the insurance company out of the State. *Ritter* v. *State,* 70 Ark. 472.

Appellant next contends for a reversal of the judgment because the prosecuting attorney was permitted

to examine him relative to the burning of the Nash car in Aurora, Illinois. The objection and exception made to the examination of the prosecuting attorney was not included as a ground in appellant's motion for a new trial, and cannot therefore be considered by this court on appeal.

Appellant contends, lastly, for a reversal of the judgment upon the ground that testimony was wanting to show that the car was not stolen. The jury was warranted in drawing an inference that it was not stolen from the fact that appellant afterwards obtained a license on the same kind of a car with the same motor number in Illinois. The jury was not compelled to accept blindly appellant's explanation that he obtained the license because he thought the car would be found at a later date. The explanation was not altogether believable.

No error appearing, the judgment is affirmed.