HAVENS *v.* STATE.

4610                          228 S. W. 2d 1003

Opinion delivered April 17, 1950.

154

*L. H. Chastain* and *R. B. Chastain,* for appellant.

*Ike Murry,* Attorney General, and *Arnold Adams,* Assistant Attorney General, for appellee.

MINOR W. MILLWEE, Justice. Appellant was convicted of the crime of sodomy and his punishment fixed at 5 years in the penitentiary. The victim of appellant's alleged perverted lust was a ten-year-old boy.

The first five assignments in the motion for new trial challenge the sufficiency of the evidence to support the verdict and judgment, and allege error in the overruling of appellant's motion for a directed verdict at the conclusion of the State's testimony.

The evidence on behalf of the state is briefly as follows: On the night of October 7, 1949, Jimmy, the 10-year-old lad, a 13-year-old brother and a neighbor boy attended a carnival in the City of Van Buren, Arkansas. Jimmy was fascinated by the "little ponies" and the employee in charge of the animals permitted the lad to assist him. A "little car" attraction and a merry-go-round were nearby. Appellant who was in charge of the cars, asked the employee in charge of the ponies if Jimmy had been paid for his work. The lad stated that he wanted no pay. Later, appellant said to the boy: "Come around later when nobody is around I will give you some free passes." The boy returned later in the evening when the carnival grounds were practically deserted. A circular curtain had been placed about the merry-go-round which was closed for the night. Appellant enticed the boy into the merry-go-round on the pretext of obtaining the promised passes. The unsuspecting lad was there restrained and the unnatural act perpetrated against his will. During the

course of the bestial transaction appellant bit the boy's penis. Jimmy "hollered" and appellant "let go," whereupon the frightened and injured boy ran home and tearfully told his grandmother: "Oh, the carnival man . . . he ruptured me." The boy's bloodstained underwear was removed and germicides were applied to the broken and bleeding foreskin. Officers were summoned who accompanied Jimmy to the carnival grounds where appellant was identified and taken into custody. The next day a physician found the boy's penis discolored and bruised. The bloody underwear was introduced in evidence at the trial.

Appellant argues that the 10-year-old boy is an accomplice whose testimony is not sufficiently corroborated, under Ark. Stats. (1947), § 43-2116, to support the verdict. We have approved the following test generally applied to determine whether one is an accomplice: "Could the person charged (as an accomplice) be convicted as a principal, or an accessory before the fact, or an aider and abetter upon the evidence? If a judgment of conviction could be sustained, then the person may be said to be an accomplice; but, unless a judgment of conviction could be had, he is not an accomplice." *Simon* v. *State,* 149 Ark. 609, 233 S. W. 917; *Henderson* v. *State,* 174 Ark. 835, 297 S. W. 836. Under Ark. Stats. (1947), § 41-112, an infant under 12 years of age cannot be convicted of any crime or misdemeanor. Since a 10-year-old child could not be convicted of sodomy, he cannot be said to be an accomplice. Moreover, the evidence here is that the infant did not voluntarily participate in the unnatural act and did not consent thereto. Hence, his uncorroborated testimony would support a conviction. *Woolford* v. *State,* 202 Ark. 1010, 155 S. W. 2d 339; *Hummel* v. *State,* 210 Ark. 471, 196 S. W. 2d 594.

As judges of the credibility of the witnesses, the jury believed the testimony offered by the state and rejected appellant's denial of the truthfulness of such testimony. The evidence was sufficient to convict and the trial court correctly overruled appellant's motion for a directed verdict of not guilty.

The sixth assignment of error is that the court erred in allowing the introduction in evidence of certain pictures without being properly identified and without a proper foundation being laid. Tommy Wilbanks, one of the investigating officers, testified on cross-examination by counsel for appellant that he found several pictures of young boys in appellant's billfold when the latter was arrested. Appellant testified that he had no pictures in his possession and denied that he placed them in a letter to be mailed to a person in another state. Vergil Goff, the other arresting officer, then testified that he was present when a letter written by appellant to someone in another state was opened by the chief of police and the pictures removed, and that he read the letter. Appellant objected to testimony concerning the letter on the ground that the letter itself would be the best evidence. The court sustained the objection. The witness then testified that the letter, with the pictures removed, was forwarded to the addressee in another state. Appellant then objected to introduction of the pictures in evidence, "unless Mr. Goff was present when the pictures were taken out of the letter, and can testify to this jury that they came out of that letter." The witness again stated that he saw the pictures removed from the letter but was not present when the letter was actually intercepted by the chief of police. Appellant renewed his objection on the ground that there was no proof connecting him with the pictures. After the objection was overruled, the contents of the letter were for the first time fully developed by appellant's cross-examination of the officer, who testified that the letter stated that appellant was in trouble and that he wanted the pictures "taken care of.".

We conclude that the pictures were sufficiently identified as being in appellant's possession and that a proper foundation was laid for their introduction in evidence. Evidence of the contents of the letter, other than the pictures, was brought out by appellant and not the state. Since the letter was sent outside the state and beyond the court's jurisdiction, secondary evidence was admissible to prove its contents. *Ritter v. State*, 70 Ark. 472, 69 S. W.

262; *Knego* v. *State,* 171 Ark. 58, 283 S. W. 27; Underhill's Criminal Evidence (4th Ed.), § 104. Introduction of the six "snapshots" was not objected to as an attempt to impeach appellant's testimony on a collateral matter, and that the photographs were not inadmissible on the grounds urged. Again, it was appellant who first developed the facts relative to possession of the photographs on the cross-examination of officer Wilbanks. There is nothing inflammatory or of a prejudicial nature in the appearance of the photographs and the fact that the minimum punishment was assessed tends to negative any prejudicial effect on the jury.

The seventh and last assignment of error in the motion for new trial is that the court in an instruction invaded the province of the jury by commenting on the weight and sufficiency of the evidence. Neither the state nor the appellant requested the giving of any instructions. After the court had fully instructed the jury on its own motion, appellant objected to the following sentence in an instruction given: "Gentlemen, whether the child's penis was bruised or bleeding or not, that would be immaterial, except that the prosecuting attorney has offered that as evidence that the defendant did take it into his mouth." We cannot agree, with appellant's contention that the court's statement amounted to a demand that the jury bring in a verdict of guilty, or that it constituted prejudicial comment on the weight of the evidence. In the lengthy instruction from which the sentence is taken the trial court read to the jury Ark. Stats. (1947), §§ 41-813 and 814. The latter section requires proof of actual penetration to sustain the charge. Proof of the boy's injured condition was certainly admissible to establish penetration and the court's limitation of the jury's consideration of such proof was favorable, rather than prejudicial, to appellant. If counsel for appellant thought the verbiage used subject to criticism, he should have prepared a request in more appropriate language. *Redd* v. *State,* 65 Ark. 475, 47 S. W. 119,

Other alleged errors are argued but were not brought forward in the motion for new trial and must be regarded as having been waived. *Collier* v. *The State,* 20 Ark. 36.

The judgment is affirmed.