EARNEST *v.* STATE.

Opinion delivered September 27, 1915.

1.  CRIMINAL LAW—CORROBORATIVE TESTIMONY.—In a criminal prosecution, in order to support a conviction, the testimony of an accomplice must be so corroborated as to to connect the 'defendant with the commission of the offense, and such corroborating testimony is not sufficient if it merely shows that the offense was committed, and the circumstances thereof.

2.  EVIDENCE—CORROBORATION—SUFFICIENCY.—In a prosecution for the crime of burglary, the evidence held insufficient to corroborate the testimony of an accomplice, to establish defendant's guilt.

Appeal from Calhoun Circuit Court; *C. W. Smith,* Judge; reversed.

*J. S. McKnight, H. S. Powell* and *J. R. Wilson,* for appellant.

Counsel review the evidence at length and contend that it wholly fails, aside from the testimony of Harper, the alleged accomplice, to connect appellant with the commission of the crime. And Harper's testimony, uncorroborated, is not sufficient evidence upon which to base a conviction. Kirby's Dig., § 2384. The judgment should be reversed and the cause dismissed.

*Wallace Davis,* Attorney General, and *Jno. P. Streepey,* Assistant, for appellee.

The testimony tending to corroborate the accomplice is meagre, but there is some testimony of a substantial nature corroborating his testimony, namely, the testimony of the railway agent that he saw appellant near the scene of the crime on the night it was committed. Moreover appellant's story as to how he came into possession of certain groceries was flatly contradicted by the grocer from whom he claimed to have bought them. The **evidence is sufficient. 109 Ark. 384.**

McCulloch, C. J.   The defendant, Albert Earnest was convicted of the crime of burglary, and appeals to this court from the judgment of conviction.   The charge in the indictment is that he, together with one Jamie Oliver, broke and entered the storehouse of D. R. Speer in the town of Tinsman, Calhoun County, Arkansas, with intent to commit grand larceny, and did then and there commit the offense of grand larceny by stealing merchandise consisting of three coats and six pairs of trousers, of the aggregate value of thirty-nine dollars.

The proof shows that the articles alleged to have been stolen were found, shortly after the burglary, in a hollow log about a half mile from Tinsman.   One Bruce Harper gave information to the deputy sheriff as to the place where the stolen goods could be found, and confessed that he, together with Oliver and the defendant, had committed the burglary.  Harper was introduced as a witness by the State and testified that he and Oliver and the defendant burglarized the house and stole the goods. He stated also that in addition to the articles mentioned in the indictment some bolts of calico were stolen and taken away by the defendant, and that the defendant stated that he was going to secrete the same under a certain church house.   The bolts of calico were not found.

(1)   It is insisted by counsel for defendant that the testimony is not sufficient to support the verdict of conviction, in that the testimony of Harper, the alleged accomplice of the defendant, was not corroborated.   That contention must be sustained, for, after a careful analysis of the testimony, we are unable to discover any of a substantial character which tends to corroborate the testimony of the accomplice.   Our statute on the subject requires that the corroboration must tend to connect the defendant with the commission of the offense, and is not sufficient "if it merely shows that the offense was committed, and the circumstances thereof."   Kirby's Digest, section 2384.

(2)  The Attorney General presents two features of the testimony which he argues afforded sufficient corroboration.   One is the testimony of the railroad agent named Brett, who stated that on the night of the burglary he saw defendant pass the railroad station twice, between 9 and 10 o'clock.   The testimony of Harper is to the effect that the burglary was committed between 1 and 2 o'clock during the night.   Brett testified that he saw the defendant pass the station and walk down towards the railroad section house and return shortly afterwards, and that there was nothing unusual about that occurrence.   He stated that the defendant was alone at the time and that it was not unusual for persons to pass along about that hour.   There is nothing whatever in the testimony of Brett, or in any other part of the record, which tends to make the presence of defendant at or near the railroad station a circumstance sufficient to warrant the inference that defendant was implicated in the burglary.

The other circumstance relied on is that a day or two after the burglary was committed, and after Harper had been arrested, the defendant remarked to one of the witnesses that some one had been watching his house, and showed some anger at the insinuation thereby implied that he had something to do with the burglary. He also stated to the witness, when Harper was arrested and was about to be taken away, that he wanted to see Harper.   We do not think that these circumstances were sufficient to amount to substantial corroboration.   They were entirely consistent with defendant's innocence.   It was not unnatural for defendant to comment upon the fact that he was being watched in a way which cast an imputation as to his connection with the burglary.   Nor was it any evidence of guilty participation in the crime that he showed anger or irritation at the implied suggestion of his connection with the crime.   These circumstances are too weak, we think, to be treated as corroborative testimony of a substantial nature.   We are

therefore of the opinion that the verdict of the jury was not supported by sufficient testimony.

We are asked to enter a judgment of dismissal here, but we are unwilling to do that for the reason that the prosecuting attorney may have discovered additional testimony in corroboration of the alleged accomplice.

The judgment is therefore reversed and the cause is remanded for a new trial.