SMITH v. STATE.

Opinion delivered October 24, 1921.

SODOMY—SUFFICIENCY OF INDICTMENT.—An indictment for sodomy which charges that defendant, in the county and on a day named, unlawfully, feloniously and diabolically and by force, disregarding the laws of nature, in and upon one Dixie Smith, a female person, did make an assault upon and did then and there unlawfully, feloniously and diabolically carnally know and abuse her, etc., *held* sufficient.

Appeal from Sebastian Circuit Court, Ft. Smith District; *John Brizzolara,* Judge; affirmed.

*David Partain* and *G. L. Grant,* for appellant.

The indictment was bad, and the demurrer should have been sustained. 81 Pac. 680 (Cal.); 35 Cal. 675; 127 Cal. 99; 59 Pac. 836; 29 Texas 44; 94 Am. Dec. 251.

The motion in arrest of judgment should have been sustained.

The court erred in admitting evidence relative to the commission of the offense by using the tongue.

. The prosecuting witness being herself guilty, it would be necessary for her to be corroborated before defendant could be convicted. 186 Pac. 388 (Cal.); 36 Cyc. 505 C; 111 Ark. 299.

*J. S. Utley,* Attorney General, *Elbert Godwin* and *W. T. Hammock,* for appellee.

Indictment charging sodomy is sufficient, without setting forth in detail the manner in which it was committed. 23 Standard Encyclopedia of Procedure, pp. 962, 963; .9 Standard Encyclopedia of Procedure, 1157; 8 R. C. L. sec. 364, p. 333.

There was no error in admitting testimony as to the manner in which the offense was committed. Sodomy may be committed by the mouth or otherwise than *per anus.* 71 S. E. 135; 136 Ga. 158; 46 S. E. 876-881, 882; 1 Wharton Cr. Law, (10th Ed.), sec. 579; Clark, Criminal Law (2nd. Ed.) 367.

There was no request of the court to give an instruction relative to whether or not the prosecuting witness was an accomplice of the defendant. 89 Ark. 300; 95 Ark. 593; 101 Ark. 513; 102 Ark. 588.

Wood, J. The appellant was convicted under an indictment, which is as follows:

"The grand jury of Sebastian County, Greenwood District thereof, in the name and by the authority of the State of Arkansas, accuse the defendant, C. V. Smith, of the crime of sodomy, committed as follows, to-wit: The said defendant, in the county, district and State aforesaid, on the 13th day of March, 1921, unlawfully, feloniously and diabolically and by force, disregarding the laws of nature, in and upon one Dixie Smith, a fe-

male person, did make an assault upon and did then
and there unlawfully, feloniously and diabolically car-
nally know and abuse her, the said Dixie Smith, against
the peace and dignity of the State of Arkansas." Was
the indictment sufficient?

Section 2746 of Crawford & Moses' Digest pro-
vides: "Every person convicted of sodomy, or buggery,
shall be imprisoned in the penitentiary for a period not
less than five nor more than twenty-one years."

In the absence of a more specific statutory defini-
tion as to the ingredients of the offense, we must look
to the common law for such particulars.

Mr. Bishop says: "Not alone to protect the pub-
lic morals, but for other reasons also, sodomy—called
sometimes buggery, sometimes the offense against na-
ture, and sometimes the horrible crime not fit to be
named among Christians, being a carnal copulation by
human beings with each other against nature, or with a
beast—is, though committed in secret, highly criminal."
1 Bishop's Criminal Law, page 308, § 503; also 2
Bishop's Criminal Law, § 1191.

And in 8 R. C. L., § 364, page 333, it is said:
"The crime of sodomy, broadly and comprehensively
speaking, consists of unnatural sexual relations between
persons of the same sex, or with beasts, or between per-
sons of different sex, but in an unnatural manner."
(Citing cases.)

The Supreme Court of New York, in *Lambertson* v.
*People,* 5 Parker's Criminal Reports, page 200, held
valid an indictment precisely similar, in essential aver-
ments, to the one now under review. The court said:
"The words usual in indictments for the offense of
which the defendant was convicted and which were
omitted in this case are not words of this character.
The indictment contains all the words of art required.
*   *   *   For all that the pleader should have stated in
charging the offense is expressly alleged, or, by neces-
sary implication, included in what is alleged, in the in-
dictment in question."

"An indictment or information charging sodomy, or the infamous crime against nature, naming it, with a designated person or animal, is sufficient without setting forth in detail the manner in which it was committed. It is unnecessary to lay the *carnaliter cognovit* in the indictment, in order to specify whether defendant was agent or pathic. A charge substantially in the language of the statute is, as a rule, sufficient, even though the offense is not specifically defined by the statute. An indictment charging an attempt to commit the infamous crime against nature is sufficient without an averment of a particular act constituting the attempt." 23 Standard Encyclopedia of Procedure, page 962. Cases are cited in a note in support of the text.

We conclude therefore that the indictment is valid.

The only other question presented is whether or not the evidence is sufficient to sustain the verdict. The evidence is revolting in detail, and it could therefore serve no good purpose to set it forth. The prosecutrix was the wife of the appellant, and, while he stoutly denies the charge and vigorously contradicts her testimony, we nevertheless find that her testimony tends to support the verdict.

There is no error in the record, and the judgment is therefore affirmed.