STRUM v. STATE.

Opinion delivered May 25, 1925.

1. SODOMY—DISTINCTION BETWEEN SODOMY AND BUGGERY.—The common-law distinction between sodomy and buggery has been practically eliminated by Crawford & Moses' Digest, § 2745, 2746, prescribing the evidence to convict and fixing the punishment.

2. SODOMY—DEFINITION.—The crime of sodomy consists of unnatural relations between persons of the same sex, or with beasts, or between persons of different sex, but in an unnatural manner.

3. INDICTMENT AND INFORMATION—SUFFICIENCY.—An indictment is sufficient if the particular facts necessary to constitute the offense

·are specifically and accurately described, although erroneously named.

4. SODOMY—PERSONS GUILTY.—Under Crawford & Moses' Dig. § 2745, the pathic as well as the agent may be convicted of buggery, on proof of actual penetration.

5. CRIMINAL LAW—CORROBORATION OF ACCOMPLICE.—The corroboration of an accomplice necessary, under Crawford & Moses' Dig., § 3181, to sustain a conviction of felony must be substantial.

6. SODOMY—CORROBORATION OF ACCOMPLICE.—Testimony *held* insufficient to corroborate the testimony of accomplices.

Appeal from Clark Circuit Court; *James H. McCollum*. Judge; reversed.

*G. W. Matthews* and *J. S. Townsend,* for appellant.

*H. W. Applegate,* Attorney General, and *John L. Carter,* Assistant, for appellee.

HUMPHREYS, J. Appellant was indicted, tried and convicted in the circuit court of Clark County upon the following indictment:

"The grand jury of Clark County, in the name and by the authority of the State of Arkansas, on oath, accuse the defendant, John Strum, of the crime of buggery, committed as follows, to wit: the said defendant, on the first day of January, 1925, in Clark County, Arkansas, did unlawfully and feloniously have sexual intercourse with Al Jones, both said defendant and Al Jones being male persons, against the peace and dignity of the State of Arkansas." From the judgment of conviction he has duly prosecuted an appeal to this court, insisting upon a reversal thereof on account of the alleged insufficiency of the indictment to charge a crime, and the alleged insufficiency of the evidence to support the verdict. The indictment is assailed because the crime of buggery is based upon alleged sexual intercourse between appellant and Al Jones, both being male persons, whereas, it is claimed that said crime can only be committed by copulation between a person and a beast, and that an unnatural crime between persons is sodomy. The common-law distinction between the crimes of sodomy and buggery has

been practically eliminated in this State by our statutes against such crimes, which are as follows:

"Proof of actual penetration of the body shall be sufficient to sustain an indictment for the crime against nature." Crawford & Moses' Digest, § 2745.

"Every person convicted of sodomy, or buggery, shall be imprisoned in the penitentiary for a period not less than five nor more than twenty-one years." Crawford & Moses' Digest, § 2746.

It will be observed that evidence necessary to convict as well as the punishment is made the same by our statutes. In passing upon the sufficiency of an indictment for sodomy in the case of *Smith* v. *State,* 150 Ark. 265, this court quoted approvingly from Bishop's Criminal Law and Ruling Case Law in the use of the offenses interchangeably, as follows:

"Not alone to protect the public morals, but for other reasons also, sodomy—called sometimes buggery, sometimes the offense against nature, and sometimes the horrible crime not fit to be named among Christians, being a carnal copulation by human beings with each other against nature, or with a beast—is, though committed in secret, highly criminal." 1 Bishop's Criminal Law, 1191.

"The crime of sodomy, broadly and comprehensively speaking, consists of unnatural sexual relations between persons of the same sex, or with beasts, or between persons of different sex, but in an unnatural manner." 8 R. C. L. 364, page 333.

The indictment is not only sufficient under the rule that the offenses are interchangeable, but also under the well-established rule in this State that an indictment is sufficient if the particular facts necessary to constitute the offense are specifically and accurately described, although erroneously named. *Harrington* v. *State,* 90 Ark. 596; *Kelley* v. *State,* 102 Ark. 657; *Speer* v. *State,* 130 Ark. 457; *Harris* v. *State,* 140 Ark. 46. The indictment in the case specifically charges appellant with having had sexual intercourse with AJ Jones, both of them

being male persons, and it is immaterial that it is named buggery, since the name will follow the particular facts set forth in the indictment.

The evidence is attacked as being insufficient to support the verdict upon the alleged grounds, first, that there was no penetration by appellant, and second, that there was no substantial corroboration of the testimony of the accomplices in the crime who testified against appellant.

(1). It is true that our statutes provide that actual penetration of the body shall be sufficient to convict, but this does not mean, as contended by appellant, that the pathic cannot be convicted of the crime against nature. It means that both the agent and pathic may be convicted upon proof of actual penetration. The testimony of the accomplices was to the effect that they were the agents and appellant was the pathic in the commission of the crime.

(2). It is provided by § 3181 of Crawford & Moses' Digest that "a conviction cannot be had in any case of felony upon the testimony of an accomplice, unless corroborated by other evidence tending to connect the defendant with the commission of the offense; and the corroboration is not sufficient if it merely shows that the offense was committed, and the circumstances thereof." The corroboration must be substantial. *Earnest* v. *State,* 120 Ark. 148. In the instant case the only evidence offered in corroboration of the testimony of the alleged accomplices was that R. C. Tyson, the marshal who arrested appellant. The alleged accomplices were boys sixteen and seventeen years of age, who lived at Prescott. They had been to Graysonia, and, upon their return, they had to stop over in Gurdon about an hour to make connection with their train. While waiting at the depot one of them had to attend to a call of nature, so they went into an alley in search of a water-closet. In returning to the depot by a different route they came upon the house of appellant, a stranger to them. Accord-

ing to their testimony, he invited them in, and, after a few moments, put one of them out and induced the other to join him in the crime. Then he put the first one out, and induced the second boy to do likewise. The boys testified that, after thinking the matter over, they became angry and pulled appellant out of the house for the purpose of flogging him, but that he ran, and they were chasing him down the alley, which attracted the attention of third parties, who interfered and notified the marshal. When the marshal arrived, appellant claimed the boys had attempted to rob him, and that they were chasing him for that purpose. The boys, on being interrogated, told the story related above. While being interrogated, each claimed the old man had spit near the bed upon which each was lying immediately after the commission of each offense. The officer went to the house, and could find no sputum upon the floor, but found a little wooden box containing sawdust under the edge of the bed, in which there was something resembling semen. The marshal did not see appellant spit in the box after the occurrence, and neither did the boys. The boys testified that he spit over in the dark near the bed. No analysis was made of the liquid in the box. It is entirely conjectural as to whether appellant spit in the box immediately after the alleged occurrences, and whether the liquid was phlegm or semen. We do not think this bit of evidence amounts to substantial corroboration tending to connect appellant with the alleged crime. The story told by the boys is unreasonable to begin with, and we think the testimony of Tyson is too weak to be characterized as substantial corroboration thereof. *Smith* v. *State, supra,* is not an authority to the effect that there may be a conviction in cases of this kind on the uncorroborated testimony of accomplices. In the Smith case there was no request of the court to give an instruction relative to whether or not the prosecuting witness was an accomplice of Smith.

The judgment is therefore reversed, and the cause is dismissed.