WOOLFORD *v.* STATE.

4223                                               155 S. W. 2d 339

Opinion delivered October 20, 1941.

*H. S. Grant,* for appellant.

*Jack Holt,* Attorney General, and *Jno. P. Streepey,* Assistant Attorney General, for appellee.

Griffin Smith, C. J. Appellant, who had served a prison sentence in Californa on a sex immorality charge relating to a fifteen-year-old girl, was convicted of the crime of sodomy and his punishment fixed at fifteen years in the penitentiary. Pope's Digest, §§ 3428-3429. A fourteen-year-old boy was the object of appellant's lust.

March 11, 1941, in response to the defendant's petition, he was committed to State Hospital with directions that his mental condition be determined. April 21 (the hospital examination having shown that defendant was sane) the cause was called for trial. Motion for continuance was argued on the ground that the court docket did not show a specific date had been set for trial, and that the defendant was not prepared.

The judge read into the record a statement that at the time appellant was committed to State Hospital he and his attorneys were told the court would adjourn until after the hospital report had been received, and that ". . . the cause would be tried at this time and on this day, to which the court then adjourned." The judge further stated that the defendant and his attorney were informed of the nature of the hospital report, and were told that trial would start April 21. In addition, the court found that the defendant had been given ample

time, that his witnesses had been subpoenaed, and that they were in attendance.

It will be observed that the appellant does not allege that he did not have notice of the time of trial. His statement is that the *docket* did not show the date. If the defendant had information, and the court adjourned to April 21, it was not material that the docket should show that the particular case had been set for that time.

The second transaction urged as error is that the evidence was not sufficient to connect appellant with the crime. Cletis Taylor, the boy against whose person appellant's unnatural propensities were directed, testified that he met appellant—a stranger—who said he had something to say to him. The boy, without knowledge of Woodford's intentions, went with him a short distance. Cletis says ''. . . appellant then grabbed me and carried me across the railroad and put me down.'' Additional testimony regarding the revolting transaction need not be repeated. The boy (if his story be true —and the jury believed it) was restrained and misused from eight o'clock at night until eleven. During this time appellant's acts constituted the crime alleged. A physician's examination showed that the victim's rectum was torn very badly ''. . . and he was so sore he could hardly walk.''

The evidence was sufficient to convict.

Finally, it is stated that appellant could not be convicted upon the uncorroborated testimony of the boy because the latter was an accomplice. *Strum* v. *State*, 168 Ark. 1012, 272 S. W. 359. A complete answer to this argument is that the injured boy was not an accomplice within the meaning of § 4017 of Pope's Digest, or in any other sense, as he did not consent.

Affirmed.