HUMMEL v. STATE.

4421                                          196 S. W. 2d 594

Opinion delivered October 14, 1946.

472

*Fred A. Isgrig* and *John S. Gatewood,* for appellant.

*Guy E. Williams,* Attorney General, and *Earl N. Williams,* Assistant Attorney General, for appellee.

ED. F. McFADDIN, Justice. Appellant was convicted of the crime of sodomy for having unnatural sexual relations with the prosecuting witness, a married female seventeen years of age. The questions herein discussed are among the twenty-seven assignments of error contained in the motion for new trial.

I. *Was the Prosecuting Witness an Accomplice?* Appellant asked an instruction to the effect that the prosecuting witness was an accomplice and that appellant could not be convicted on her uncorroborated testimony. This instruction was refused, but the court gave the following instructions numbered 5 and 6 at the request of appellant:

"No. 5. If you find that" the prosecuting witness "willingly and of her free will and consent and without deception on the part of the defendant had the relations with him with which he is charged in the indictment, then

she would be an accomplice and you cannot convict upon the uncorroborated testimony of an accomplice.

"No. 6. You are instructed a conviction cannot be had in any case of felony upon the testimony of an accomplice, unless corroborated by other evidence tending to connect the defendant with the commission of the offense; and the corroboration is not sufficient if it merely shows that the offense was committed, and the circumstances thereof."

The trial court was correct. If the prosecuting witness was an accomplice, then her testimony had to be corroborated to sustain a conviction. If the prosecuting witness was not an accomplice, then her testimony did not have to be corroborated to sustain a conviction. The rule is well established that, unless the testimony shows conclusively that the prosecuting witness is an accomplice, then the question of whether such witness is an accomplice, is a mixed question of law and fact and is properly submitted to the jury. *Edmonson v. State,* 51 Ark. 115, 10 S. W. 21; *Melton v. State,* 43 Ark. 367; *Norris v. State,* 168 Ark. 151, 269 S. W. 46.

In *Strum v. State,* 168 Ark. 1012, 272 S. W. 359 (a sodomy case), the record showed conclusively that the prosecuting witnesses (two boys) did consent to the act of sodomy; so it was held that their testimony had to be corroborated. In the case of *Smith v. State,* 150 Ark. 265, 234 S. W. 32 (a sodomy case), the evidence showed that the prosecuting witness did not consent; so her evidence did not have to be corroborated. Also, in *Woolford v. State,* 202 Ark. 1010, 155 S. W. 2d 399, the evidence showed that the prosecuting witness did not consent, so his testimony did not have to be corroborated. We there stated:

"Finally, it is stated that appellant could not be convicted upon the uncorroborated testimony of the boy, because the latter was an accomplice. *Strum v. State,* 168 Ark. 1012, 272 S. W. 359. A complete answer to this argument is that the injured boy was not an accomplice within the meaning of § 4017 of Pope's Digest, **or in any** other sense, as he did not consent."

Appellant was a practicing physician. The prosecuting witness went to him for treatment, which he agreed to undertake. Thus, there existed a most confidential relationship—that of physician and patient. Herzog on Medical Jurisprudence, § 96 states: "Fiduciary relationship between physician and patient. It is said that the relation of a physician to his patient is one of highest trust and that the physician must act with the utmost good faith."

See, also, 41 Am. Juris., p. 192; 48 C. J., p. 1111, and 13 C. J., p. 408.

The prosecuting witness swore that appellant committed the crime of sodomy on her while he was treating her. She said:

"I didn't consent. He said it was necessary."

In view of the physician-and-patient relationship existing between appellant and the prosecuting witness at the time, and in view of her testimony, as just quoted, we hold that a fact question was made for the jury as to whether or not the prosecuting witness "willingly and of her own free will and consent and without deception on the part of defendant" submitted to the crime of sodomy upon her.

As stated by the Georgia Court of Appeals in the case of *Perryman* v. *State,* 63 Ga. App. 819, 12 S. E. 2d 388:

"One who voluntarily participates in an unnatural act of sexual intercourse with another is also guilty of sodomy. One who does not so participate is not guilty. 'Voluntary' as defined in Webster's International Dictionary (1922) means 'proceeding from the will; unconstrained by interference; unimpelled by another's influence; spontaneous'."

The court correctly submitted to the jury the question of whether the prosecuting witness was an accomplice; and the verdict of the jury settled that factual question in the negative.

II. *Testimony of Alleged Acts of Sodomy with Another Female Witness.* The trial court permitted the

State to introduce testimony concerning a similar act alleged to have been committed by appellant with another female. Appellant's counsel objected to this evidence, framing the objection in these words:

"In addition to the general objection, it is objectionable specifically in that it is proof of another crime and is highly prejudicial to the defendant. It is proof of another crime alleged to have been committed six months prior to the offense on which he is being tried, and with . . . a different individual."

The trial court limited the testimony of the other act of sodomy by this instruction to the jury:

"You are instructed that evidence introduced by the state in this case, of a similar offense occurring prior to the offense charged in the indictment was admitted solely for the purpose of showing the defendant's intent, motive, habits and practices, and you may consider it for this purpose and this purpose only. The defendant is not on trial for any offense except the alleged offense against" the prosecuting witness "and the defendant cannot be convicted on . . . the alleged offense with the other witness."

The trial court was correct, and, with the limiting instructions as above quoted, there was no error on this point. We said in *Hearn* v. *State,* 206 Ark. 206, 174 S. W. 2d 452:

"This court has repeatedly recognized and declared that evidence of other crimes, recent in point of time, and of a similar nature to the offense then being tried, is admissible as bearing on the question of intent. Some such cases are: *Puckett* v. *State,* 194 Ark. 449, 108 S. W. 2d 468; *Lewis* v. *State,* 202 Ark. 6, 148 S. W. 2d 668; *Monk* v. *State,* 130 Ark. 358, 197 S. W. 580; *Cain* v. *State,* 149 Ark. 616, 233 S. W. 779. These cases involved such offenses as robbery, larceny, homicide, or operating a gambling house. We perceive no good reason why the same rule should not apply to sex crimes; in fact, courts of other states have held that, in sex crimes, evidence of other acts of a similar nature, recent in point of time, is admissible as bearing on the question of intent. Some

such cases are: *Suber* v. *State,* 176 Ga. 525, 168 S. E. 585; *State* v. *Derry,* 202 Iowa 352, 209 N. W. 514; *State* v. *Bisagno,* 121 Kan. 186, 246 P. 1001; *State* 'v. *Wargo,* 83 N. H. 532, 145 Atl. 456; *Strand* v. *State,* 36 Wyo. 78, 252 Pac. 1030, and *State* v. *Dowell,* 47 Idaho 457, 276 Pac. 39, 68 A. L. R. 1061. See, also, West's Digest, 'Criminal Law,' § 371.''

III. *Sufficiency of the Evidence.* Decency is best served by omitting the details of the evidence. The court submitted the case to the jury on proper instructions. The verdict of the jury, in effect, found that the prosecuting witness was not an accomplice; and, with that question determined, it follows that the testimony of the prosecuting witness is sufficient to sustain the conviction.

IV. *Other Assignments of Alleged Error.* It would unduly prolong this opinion to list and discuss each of the twenty-seven assignments of error contained in the motion for new trial. It is sufficient to say that we have examined each assignment, and find no merit in any of them.

Affirmed.