JOHN MARTIN CONNOR *v.* STATE OF ARKANSAS

5790                                    490 S.W. 2d 114

Opinion delivered January 29, 1973

[Rehearing denied March 5, 1973.]

*James E. Davis,* for appellant.

*Ray Thornton,* Atty. Gen., by: *Lonnie Powers,* Asst. Atty. Gen., for appellee.

*Morton Gitelman,* for American Civil Liberties Union of Arkansas, Inc., Amicus Curiae.

LYLE BROWN, Justice. Appellant was charged with sodomy by an act of fellatio (oral stimulation of penis) under Ark. Stat. Ann. § 41-813 (Repl. 1964). He appeals from his conviction on the grounds that no statute makes fellatio a public offense; that § 41-813 is so vague and broad as to deprive appellant of his federal constitutional rights; and the section establishes a religion and invades the right of privacy.

The cited statute reads: "Every person convicted of sodomy, or buggery shall be imprisoned in the penitentiary for a period of not less than one (1) nor more than twenty-one (21) years."

The allegation that the statute does not cover the act of fellatio is without merit. In *Strum v. State,* 168 Ark. 1012, 272 S.W. 359 (1925), we approved this definition: "The crime of sodomy, broadly and comprehensively speaking, consists of unnatural sexual relations between persons of the same sex, or with beasts, or between persons of different sex, but in an unnatural manner." In *Mangrum v. State,* 227 Ark. 381, 299 S.W. 2d 80, Mangrum was charged with sodomy by an act of fellatio and we specifically held: "Such information charged an offense denounced by Ark. Stats. Anno. § 41-813." In at least one other case we sustained a conviction for the same offense. *Havens v. State,* 217 Ark. 153, 228 S.W. 2d 1003 (1950).

Neither do we find any merit in the contention that the statute is vague and too broad in scope. The crime of sodomy has long been recognized by a host of jurisdictions

as consisting of unnatural sex relations. *Smith* v. *State*, 150 Ark. 265, 234 S.W. 32 (1921). Likewise, the same authority points out that the crime has always been referred to as the crime against nature. It is so referred to in Ark. Stats. Ann. § 41-814 (Repl. 1964). In *Smith* it is said that the common law furnishes a definition of sodomy and that it corresponds to our present definition. Whether it is called sodomy, buggery, or crime against nature—as it is often called interchangeably—it boils down to a simple definition that it is an unnatural sex act which is condemned. It is the opposite of a *natural* sex act; the manner of a *natural* sex act is well known, even to the young and the uneducated.

Of the allegation that sodomy should not be regulated because such acts are regarded as sinful by some religious groups, little need be said. If that theory were adopted then many of our criminal statutes would be emasculated. This brings us to the final argument, namely that § 41-813 invades the constitutional right of privacy. That question is not before us because the act was not committed in privacy. It occurred between the adult appellant and a fourteen year old boy, seated in an automobile on a public road adjacent to Interstate 30.

Affirmed.