Johnny VERSER, Mose COTTON and
Howard COTTON *v*. STATE of Arkansas

CR 74-15                                    509 S.W. 2d 299

Opinion delivered May 20, 1974

*John F. Gibson, Jr.*, for appellants.

*Jim Guy Tucker*, Atty. Gen. by: *Robert S. Moore, Jr.*, Asst. Atty. Gen., for appellee.

J. FRED JONES, Justice. Johnny Verser, Mose Cotton and Howard Cotton were convicted in Desha County Circuit Court of the crime of sodomy and were sentenced to three years each in the penitentiary. On appeal to this court they designate the points upon which they rely for reversal as follows:

"The trial court erred in denying the defendants' plea of former jeopardy.

The trial court erred in finding the appellant, Howard Cotton, guilty of the crime of sodomy upon the uncorroborated testimony of the prosecuting witness.

The trial court erred in admitting the statements of each defendant because said statements were taken without due process of law and in violation of the constitutions of the state of Arkansas and the United States."

We find no merit to the points relied upon which we now discuss in the order listed.

On June 14, 1973, the appellants were arrested by the Dumas police and charged with disturbing the peace and assaulting Jessie Malone on June 11, 1973. Each appellant posted bond in the amount of $99.00 for appearance in the Justice of the Peace Court. The appellant, Johnny Verser, appeared in Justice of the Peace Court and entered a plea of guilty to the charge of disturbing the peace and assault upon Malone but the other two appellants, Mose and Howard Cotton, failed to appear and forfeited their bond in the Justice of the Peace Court. On June 21, 1973, the appellants were arrested a second time and charged with the offense of sodomy described in the information as the commission of "an immoral sex act with Jessie Malone, a male person," which allegedly occurred on June 11, 1973. The cases were consolidated for trial, a jury was waived and the appellants were tried before the trial judge sitting as a jury.

The testimony of the prosecuting witness, Jessie Malone, was to the effect that the three appellants beat him on three separate occasions on the night of June 11, 1973, and following the second beating they forced him to commit an act of sodomy with each of them. Malone testified as to how he came in contact with the appellants at a cafe on the evening of June 11, 1973, and how they enticed him into their automobile on the pretense of first taking him by Martha Berry's house where he could leave some beer he had purchased for her, after which they would drive around and drink beer together. He said that instead of taking him by Martha Berry's house they took him out into the country where they drank his beer, then beat him over the head with

one of their belts. He said that the three appellants beat him to the ground and drug him into the woods between the road and a bayou where they beat him some more. He said the appellants then left him on the bank of the bayou and drove off in the direction of Dumas. He said he finally got out on the road and was trying to catch a ride into town when the appellants, who had turned around somewhere along the road, stopped again. He said that the appellants got out of their automobile, beat him again and then forced him to commit the acts of sodomy. He said the appellants then left him again but soon returned and beat him some more and threatened to kill him.

On cross-examination Malone testified that he was acquainted with Mose and Howard Cotton and on the day prior to their attack upon him, he had some difficulty with one of their brothers who accused him of stealing $15.00. He said he struck the Cotton brother with a cold drink bottle.

Mose Cotton testified that he had known Jessie Malone for some time and that Malone had purchased beer for him. He said that on the day prior to the incident involved in this case, Malone had struck his brother with a bottle and that was the reason the appellants assaulted him. The appellants admitted the unnatural sex acts as described by Malone but they denied they forced Malone to commit the acts.

The appellants argue that Verser's plea of guilty and the forfeiture of the bonds by the Cottons amounted to "a prosecution" in the Justice of the Peace Court for the same crime for which they were later tried and convicted in circuit court. They argue that since the sodomy charge arose out of the same transaction or incident, that prosecution for any part of a single crime bars further prosecution based on the whole or a part of the same crime, citing 15 Am. Jur. § 58, Criminal Law.

Assault is a misdemeanor defined as "an unlawful attempt coupled with a present ability to commit a violet injury upon the person of another," Ark. Stat. Ann. § 41-601 (Repl. 1964), and simple assault is punishable by a fine not exceeding $100. Disturbing the public peace is a misdemeanor and the statutory definition, § 41-1401, includes many specific acts, such as challenging to fight and fighting,

but an act of sodomy is not among them. The common-law crime of sodomy is a felony punishable by imprisonment in the penitentiary for not less than one nor more than 21 years, § 41-813. It has been defined as including "unnatural sex relations between persons of the same sex, or with beasts, or between persons of different sex, but in an unnatural manner." *Strum* v. *State*, 168 Ark. 1012, 272 S.W. 359.

In the very recent case of *Connor* v. *State*, 253 Ark. 854, 490 S.W. 2d 114, in reference to the definition of the crime of sodomy, we said:

> "Whether it is called sodomy, buggery, or crime against nature—as it is often called interchangeably—it boils down to a simple definition that it is an unnatural sex act which is condemned. It is the opposite of a natural sex act. . . ."

Consequently, by simple definition alone, there is no relation between the misdemeanors of assault and disturbing the peace and the felonious crime of sodomy.

We find no merit to appellants second contention that the trial court erred in finding the appellant, Howard Cotton, guilty of the crime of sodomy upon the uncorroborated testimony of the prosecuting witness. The appellants, Johnny Verser and Mose Cotton, gave testimony in corroboration of the prosecuting witness and we conclude it was sufficient to sustain the conviction. Furthermore, the trial court, sitting as a jury, had a right to conclude from the evidence that the prosecuting witness Malone was not a willing and voluntary participant in the acts of sodomy and was, therefore, not an accomplice whose testimony required corroboration. *Hummel* v. *State*, 210 Ark. 471, 196 S.W. 2d 594.

We find no merit to the appellants' third contention that the court erred in admitting the statements of each defendant because they were taken without due process of law and in violation of the provisions of the Constitutions of the state and the United States. From the testimony of Chief Morgan and from the testimony of the appellants themselves, we conclude that the statements made by the appellants were voluntary.

The judgment is affirmed.