El Pueblo de Puerto Rico, apelado, *v.* Luis M. Santos Molina, acusado y apelante.

Número: CR-89-106          Resuelto: 21 de mayo de 1993

*Carmen Ana Rodríguez Maldonado, Zinia I. Acevedo Sánchez*, de la *Sociedad para Asistencia Legal*, y *Julio M. Montalvo Meléndez*, abogados del apelante; *Jorge Pérez Díaz, Procurador General, Norma Cotti Cruz, Subprocura-*

*dora General*, y *Aida Ileana Oquendo Graulau, Procuradora General Auxiliar*, abogados de El Pueblo.

## SENTENCIA

El apelante fue denunciado el 8 de diciembre de 1988 imputándosele los delitos de incesto y sodomía por los hechos ocurridos el 9 de junio de 1988 contra su hija J.S.R. de 13 años de edad. Fue hallado culpable en ambos casos por veredicto del Jurado, y el 9 de noviembre de 1989 el Tribunal Superior, Sala de Ponce, le impuso una pena de 16 años de reclusión, 6 años por el delito de incesto y 10 años por el delito de sodomía, que han de ser cumplidos consecutivamente.

En apelación, el acusado había planteado que el tribunal de instancia erró al declararlo culpable del delito de sodomía a base de un estatuto que adolece de vaguedad, en violación del Art. II, Secs. 7 y 11 de la Constitución del Estado Libre Asociado de Puerto Rico, L.P.R.A., Tomo 1, constituyendo una restricción de su libertad sin el debido proceso de ley. Además, planteó que la prueba de cargo fue insuficiente para probar los elementos del delito imputado más allá de duda razonable.

Examinados cuidadosamente los planteamientos del apelante, determinamos que no tiene méritos el planteamiento de vaguedad. También resolvemos que es infundada la alegación del apelante de que fue encontrado culpable a pesar de una prueba de cargo insuficiente.

En vista de ello, *se confirma la sentencia del tribunal de instancia*.

Lo pronunció, manda el Tribunal y certifica el señor Secretario General. El Juez Asociado Señor Hernández Denton concurrió con opinión escrita, a la cual se unió el Juez Asociado Señor Rebollo López. El Juez Asociado Señor Fus-

ter Berlingeri emitió una opinión de conformidad, a la cual se unió el Juez Presidente Señor Andréu García.

(*Fdo.*) Francisco R. Agrait Lladó
*Secretario General*

## — O —

Opinión concurrente emitida por el Juez Asociado Señor Hernández Denton, a la cual se une el Juez Asociado Señor Rebollo López.

El apelante presentó solamente un planteamiento de índole constitucional, a saber, que el Art. 103 del Código Penal del Estado Libre Asociado de Puerto Rico, 33 L.P.R.A. sec. 4065, violenta el debido proceso de ley toda vez que no define los actos constitutivos del delito de sodomía contra un ser humano en la modalidad de crimen contra natura.

Concurrimos con la confirmación de la sentencia por entender que, según aplicado a este apelante particular, el referido artículo no adolece de vaguedad que contravenga las exigencias del debido proceso de ley. Nuestra aplicación del Art. 278 del antiguo Código Penal en *Pueblo v. Díaz*, 35 D.P.R. 230 (1926), y su interpretación en *Pueblo v. Gutiérrez*, 71 D.P.R. 840 (1950), vigente desde 1950, constituían aviso suficiente de que el acto imputado en el pliego acusatorio, la penetración del órgano viril en el ano, era una conducta punible bajo la segunda modalidad del delito de sodomía contra un ser humano, la denominada "como crimen contra natura".

Por último, debe quedar claro que no hemos pasado juicio alguno sobre si el Art. 103 del Código Penal, *supra*, adolece o no de vaguedad en cuanto a otros actos que pudieran ser comprendidos dentro de alguna de las modalidades del delito, o si el referido artículo violenta o no el derecho de intimidad de aquellos que practiquen, de forma consensual, los actos allí punidos. Estos planteamientos no estuvieron ante nuestra consideración.

## – O –

Opinión de conformidad emitida por el Juez Asociado Señor Fuster Berlingeri, a la cual se une el Juez Presidente Señor Andréu García.

Se impugna ante nos la constitucionalidad del Art. 103 del Código Penal de Puerto Rico, 33 L.P.R.A. sec. 4065. Al amparo de la garantía que ofrece la cláusula del debido proceso de ley, se plantea que la disposición aludida adolece del defecto de vaguedad, pues no informa adecuadamente la naturaleza de la conducta penalizada por dicho estatuto. Aunque este Tribunal se ha expresado en relación con este delito en ocasiones anteriores,[1] nunca habíamos resuelto si el estatuto en controversia adolece o no del defecto de vaguedad.

Hoy la mayoría del Tribunal por sentencia resuelve que el Art. 103 del Código Penal de Puerto Rico, *supra*, no adolece del defecto de vaguedad. Para descargar plenamente nuestra responsabilidad judicial, me parece indispensable explicar claramente las razones y los fundamentos que me han llevado a estar conforme con el resultado que se anuncia en la breve sentencia emitida por el Tribunal en el presente caso.

### I

Nuestro sistema de derecho penal se erige sobre el principio de legalidad estatuido en el Art. 8 del Código Penal, 33 L.P.R.A. sec. 3031. Según este principio, es necesario que la conducta por la cual se inste una acción penal esté expresamente definida por ley, quedando prohibida la creación de delitos por analogía. En *Pueblo v. Mantilla*, 71 D.P.R. 36 (1950), resolvimos que la cláusula del debido pro-

---

[1] *Pueblo v. Marín Vega*, 105 D.P.R. 676 (1977); *Pueblo v. Santiago Vázquez*, 95 D.P.R. 593 (1967); *Pueblo v. Gutiérrez*, 71 D.P.R. 840 (1950); *Pueblo v. Díaz*, 35 D.P.R. 230 (1926), entre otros.

ceso de ley exige que los estatutos sean claros y precisos. En el caso de estatutos penales, hemos requerido que éstos estén redactados con un grado mayor de certeza y precisión que otros estatutos, ya que está en juego la libertad de un individuo. Una disposición de índole penal viola el requisito constitucional de certidumbre cuando no ofrece a una persona de inteligencia ordinaria, justa notificación de que su conducta está prohibida por dicho estatuto. No se puede hacer responsable criminalmente a ninguna persona por una conducta que ella razonablemente no podía entender que estuviese proscrita. *Pueblo v. Mantilla*, supra; *Pueblo v. Tribunal Superior*, 98 D.P.R. 750, 751 (1970); *Pueblo v. Tribl. Superior*, 81 D.P.R. 763, 787 (1960).

Por otro lado, también hemos resuelto que el hecho de que un estatuto requiera ser interpretado no implica necesariamente que el estatuto adolezca de vaguedad. A este respecto, en *Pueblo v. Tribunal Superior*, supra, pág. 788, señalamos:

> No debe caerse en la superficialidad de creer que una ley penal es nula por defecto de vaguedad debido a que requiera interpretación. Como señala el maestro Jiménez de Asúa, todas las leyes, aun las "clarísimas", requieren interpretación. Toda ley, por el hecho de aplicarse es interpretada, ya que al cotejar su contenido con el hecho real se produce un proceso de subsunción, al que contribuyen los órganos interpretativos (a veces el legislador y el científico y siempre el juez), por procedimientos gramaticales y teleológicos, y con resultados declarativos, restrictivos, extensívos o progresivos. *En cuanto a las leyes penales hay que armonizar la estricta legalidad del Derecho punitivo, con la imprescindible interpretación teleológica de las normas jurídicas.* Reconociendo que el Derecho penal tiene caracteres de mayor certidumbre y estabilidad que las otras ramas, es imposible creer que *la ley penal, sensu strictu,* se basta del todo a sí misma y que sea suficiente interpretarla a la letra. *No es un sistema completo y sin lagunas, de modo que con el simple procedimiento lógico, basado en los* preceptos legales escritos, se puedan resolver todas las cuestiones. (Énfasis suplido y escolios omitidos.) *Pueblo v. Tribunal Superior*, supra, pág. 788.

En *Wainright v. Stone*, 414 U.S. 21 (1973), el Tribunal

Supremo federal —ante un planteamiento de vaguedad de un estatuto penal del estado de Florida similar al nuestro— indicó que este planteamiento debía ser considerado tomando en cuenta la interpretación que el más alto tribunal de ese estado ha hecho del mismo. Señaló el Supremo federal que la interpretación que un Tribunal Supremo estatal haya hecho del estatuto, debe incluirse como parte de éste al momento de evaluar el planteamiento de vaguedad. Por lo tanto, en términos constitucionales, una disposición penal sólo puede considerarse defectuosa por vaguedad cuando, después de examinada la faz del estatuto y su previa interpretación judicial, una persona de inteligencia ordinaria no puede entender cúal es la conducta proscrita.

El estatuto ante nuestra consideración ha sido examinado e interpretado por nosotros en varias ocasiones.([2]) A través de estos precedentes, hemos establecido que la conducta punible se refiere a las relaciones sexuales anales, siendo suficiente la más leve penetración del ano con el órgano sexual masculino para que quede configurado el delito. *Pueblo v. Díaz*, supra; *Pueblo v. Gutiérrez*, supra; *Pueblo v. Santiago*, supra. Ante nuestra reiterada interpretación y dilucidación del estatuto sobre la sodomía, difícilmente puede argumentarse ahora que éste adolece de vaguedad porque no se entiende cuál es la conducta penalizada. Nuestra reiterada interpretación previa forma parte del contenido del estatuto por lo que, evaluado el planteamiento de vaguedad a la luz de dicha interpretación, concluimos que éste no puede prosperar. El apelante no puede escudarse en su ignorancia de la jurisprudencia para alegar que el estatuto en cuestión adolece de vaguedad. Hemos reconocido reiteradamente que la ignorancia de las leyes no excusa de su cumplimiento. *Pueblo v. Miranda Colón*, 115 D.P.R. 511, 512 (1984); *Cabassa v. Bravo*, 21 D.P.R. 185, 187 (1914). Esta norma abarca no

---

([2]) Véanse los casos citados en el esc. 1.

sólo el contenido de las leyes, sino también su interpretación por los tribunales. R.E. Bernier y J.A. Cuevas Segarra, *Aprobación e interpretación de las leyes en Puerto Rico*, 2da ed. rev., San Juan, Pubs. J.T.S., 1987.

Además de los fundamentos estrictamente jurídicos antes expuestos, debe considerarse que, en un país como el nuestro, la mayoría de la gente probablemente ha oído hablar de la bíblica ciudad de Sodoma y de las prácticas sexuales aberrantes que allí se practicaban, origen histórico del término "sodomía". Más aún, el concepto "contra natura" incluido en la definición estatutaria de sodomía implica que lo que se penaliza es toda relación sexual realizada en forma contraria al modo natural de hacerlo, como es una relación sexual anal. Aun las personas jóvenes o iletradas conocen la forma natural en que se realiza el acto sexual, por lo que pueden entender que cualquier acto contrario a esa forma natural constituye conducta proscrita por el estatuto en cuestión. Véanse: *Connor v. State*, 490 S.W.2d 114 (1973); *Verser v. State*, 509 S.W.2d 299 (1974). Estas consideraciones lógicas, que están basadas en la experiencia común que todos compartimos, tienen verificación empírica. En un estudio reciente realizado por la penóloga puertorriqueña Dora Nevares-Muñiz se estudiaron las percepciones públicas respecto a una gama de delitos, incluyendo la sodomía. Mediante encuesta, se intentó medir la opinión del pueblo respecto a la severidad relativa de varios delitos. Uno de los hallazgos del estudio es que el público entiende que la sodomía varía en gravedad dependiendo de la magnitud del daño físico concreto que se le cause a la víctima. Véase, D. Nevares Muñiz, *La encuesta de percepción de severidad de delitos*, 24 (Núm. 1) Rev. Jur. U.I.A. 89, 96–98 (1989). Este hallazgo confirma que la persona corriente en Puerto Rico entiende lo que prohíbe el Código Penal en relación con el delito de sodomía.

No tiene méritos, pues, el planteamiento de vaguedad.

## II

El apelante alega como segundo error que fue encontrado culpable a base de una prueba de cargo insuficiente. Basa su alegación de insuficiencia de la prueba en que no se puede precisar a que conducta se refería la perjudicada al declarar que el acusado la "utilizaba por detrás"; alegó además que surge del testimonio del perito Erik Martínez que no hubo relación anal.

Este error tampoco fue cometido. Debe tomarse en cuenta que se trata de una jovencita de 14 años que declaró sobre hechos que le resultaban vergonzosos y difíciles de comunicar. La testigo utilizó frases y palabras comunes y propias de su edad para relatar los actos a los que la sometía el apelante. La naturaleza de los actos envueltos —abuso sexual por parte de su padre— el bajo grado de escolaridad de la menor y los traumas causados por el daño infligido son factores que debemos considerar al momento de evaluar la manera de declarar la testigo y su forma de verbalizar lo ocurrido. Véase *Pueblo v. Rivera Robles*, 121 D.P.R. 858 (1988).

El perito Erik Martínez declaró que examinó rectalmente a la perjudicada y no encontró ningún tipo de laceración ni evidencia de penetración evidente en el ano. También señaló que la testigo le dijo que no hubo relación anal.([3]) Sin embargo, el perito no descartó la probabilidad de que hubiese ocurrido penetración anal, ya que reconoció que ésta pudo ser superficial y no presentar laceraciones. Por lo tanto, la ausencia de laceraciones no descarta la posibilidad de que la perjudicada hubiese sido sodomizada. Habiendo sostenido la perjudicada que fue abusada sexual-

---

([3]) Existe contradicción entre el testimonio de la perjudicada y el del perito Martínez a este respecto, ya que la perjudicada señaló tanto en el directo como en el contrainterrogatorio que hubo relaciones anales. Véase Transcripción del testimonio de J.S.R., págs. 41 y 46–47. En este caso el Jurado resolvió el conflicto de testimonios contradictorios a favor de la perjudicada.

mente "por delante" y "por detrás", la cuestión se reduce a una de credibilidad. Reiteradamente hemos señalado que corresponde al juzgador de los hechos dirimir y adjudicar la credibilidad de los testigos, pues está en mejor posición de apreciar la prueba y aquilatarla. *Pueblo v. Cabán Torres*, 117 D.P.R. 645 (1986); *Pueblo v. Rivera Tirado*, 117 D.P.R. 419 (1986); *Pueblo v. Figueroa Castro*, 102 D.P.R. 279 (1974). En este caso, el Jurado le dio crédito a lo declarado por la perjudicada y no existe evidencia que demuestre pasión, prejuicio o error manifiesto en la apreciación de la prueba que hizo el Jurado.

En tales casos, hemos expresado que no intervendremos con el veredicto condenatorio emitido por el Jurado. *Pueblo v. Cabán Torres*, supra; *Pueblo v. Millán Meléndez*, 110 D.P.R. 171 (1980); *Pueblo v. López Pérez*, 106 D.P.R. 584 (1977).

Por las razones expuestas, estoy conforme con la sentencia que confirma la convicción por el delito de sodomía.