CABASSA, DEMANDANTE Y APELADA, *v.* BRAVO, DEMANDADO Y
APELANTE.

APELACIÓN procedente de la Corte de Distrito de Mayagüez
en un caso de divorcio.

MOCIÓN de la parte apelada para que se desestime la apelación.

No. 1172.—Resuelto en julio 18, 1914.

INTERPRETACIÓN DE LEY—DEBE DÁRSELE EFECTO A TODAS SUS DISPOSICIONES.—
Las leyes deben interpretarse dándosele efecto a todas sus disposiciones sin
omitir ninguna.

APELACIÓN—CUMPLIMIENTO SUBSTANCIAL DE LA LEY.—El derecho de apelación
no es un derecho absoluto, sino de origen estatutorio, y la parte que desea
ejercitarlo debe cumplir substancialmente todos los preceptos relativos a su
ejercicio.

IGNORANCIA DE LA LEY—ERRÓNEA INTERPRETACIÓN DE LA MISMA.—La ignorancia
o errónea inteligencia de la ley no excusa de su cumplimiento.

DESESTIMACIÓN DE LA APELACIÓN—TRANSCRIPCIÓN DE AUTOS—ENTREGA DE COPIA
A LA PARTE CONTRARIA.—De acuerdo con el último párrafo del artículo 299
del Código de Enjuiciamiento Civil, enmendado por la ley No. 70 de marzo
9, 1911, cuyos preceptos son de carácter imperativo y no directivo, el apelante
debe entregar al apelado copia de la transcripción de autos, y si se negare a
subsanar dicha omisión después de notificado de una moción de desestimación
de la apelación por ese motivo, deberá desestimarse el recurso.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. Pascasio Fajardo y E. Ra-
mírez Nadal.*

Abogados de la apelada: *Sres. José Sabater, Francisco
Parra Capó y José G. Torres.*

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del
tribunal.

Se trata de una moción presentada por el abogado de la parte demandante para que se desestime la apelación por no habérsele entregado copia de la transcripción de autos radicada en este tribunal a los efectos de esta apelación. El apelante se ha opuesto por escrito a dicha moción, alegando que de acuerdo con la Ley No. 70 de marzo 9, 1911, no está obligado a entregar copia de la transcripción de autos a la parte apelada.

El artículo 299 del Código de Enjuiciamiento Civil enmendado por la Ley No. 70 de marzo 9, 1911, después de establecer que el pliego de excepciones y exposición del caso, una vez aprobado y certificado por el juez, pasará a formar parte del legajo de la sentencia, concluye así:

"Constituirá el récord de una apelación, la certificación que librará el secretario del tribunal *a quo* a los abogados de las partes, del legajo de la sentencia y de la notificación de la apelación. Dicha certificación deberá ser archivada en la secretaría de la Corte Suprema dentro de los treinta días siguientes al en que se haya aprobado el pliego de excepciones y exposición del caso, con la constancia de haberse entregado a los abogados de las partes apeladas una copia literal de la misma, certificada por el abogado del apelante."

Al emplear el legislador en dicho párrafo el verbo "deberá" revela claramente su intención de dar una regla de procedimiento imperativa y no directiva cuyo cumplimiento quede a la voluntad del apelante. Indudablemente el fin perseguido por la ley ha sido el que la parte apelada tenga en su poder una copia literal de la transcripción de autos para poder preparar su alegato para el Tribunal Supremo. La ley es clara, y de acuerdo con el artículo 13 del Código Civil no cabe menospreciar su letra, máxime cuando ni siquiera se trata de demostrar haber intentado darle cumplimiento. Y debemos interpretar la ley dándole efecto a todas sus disposiciones sin omitir ninguna. Art. 26 de la Ley de Evidencia de 1905. *Nadal* v. *American Railroad Company of P. R.,* 19 D. P. R., 1080.

Ahora bien, ¿es la omisión de que se trata motivo bastante para que se desestime la apelación? Indudablemente que sí. El derecho de apelación no es un derecho absoluto, sino de origen estatutorio, y la parte que desea ejercitarlo debe cumplir sustancialmente todos los preceptos relativos a su ejercicio. 2 Ruling Case Law, 100.

En el presente caso, no solamente no se ha cumplido con la ley sino que de una manera expresa alega el apelante no estar obligado a cumplirla.

No es la primera vez que se plantea ante este tribunal esta cuestión. Véanse los casos de *García* v. *American Railroad Company of P. R.*, 17 D. P. R., 949; *Sucesores de José Martínez* v. *Tomás Dávila y Cía.*, 17 D. P. R., 1008; *Hernández* v. *American Railroad Company of P. R.*, 17 D. P. R., 1225; *Avalo Sánchez* v. *Porrata et al.*, 18 D. P. R., 908.

En los tres primeros casos, denegamos la moción de desestimación porque la parte apelante al ser notificada de la moción y antes de la vista de la misma subsanó la omisión entregando copia de la transcripción de autos a la parte apelada. Y en el último, denegamos la moción de desestimación porque se demostró que se había entregado copia de la transcripción de autos al abogado que representaba a dos de los apelados y al cual estaba asociado otro abogado que representaba a los cinco apelados. Pero en ninguno de dichos casos se negó el apelante a subsanar la omisión alegando que no estaba obligado a entregar copia de la transcripción de autos al apelado. La ignorancia o errónea inteligencia de la ley no excusa de su cumplimiento.

Debemos declarar con lugar la moción y desestimar el recurso.

*Desestimada la apelación.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro y Aldrey.

El Juez Asociado Sr. Hutchison no tomó parte en la resolución de esta moción.